**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.V.**

**No. 21-0416** (Randolph County 19-JA-157)

**MEMORANDUM DECISION**

Petitioner Father W.V., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's April 21, 2021, order terminating his parental rights to R.V.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2019, the DHHR filed an abuse and neglect petition alleging that R.V.'s mother and her boyfriend exposed the child to repeated and severe domestic violence. The DHHR further alleged that petitioner had abandoned R.V. by failing to provide him with emotional or financial support and that petitioner had continuously failed to maintain contact with the child since 2013. According to the petition, petitioner had been ordered to pay $50.00 per month in child support but was over $3,000 in arrears.

After some delays due to scheduling, discovery, and this Court's judicial emergency pursuant to the COVID-19 pandemic, the circuit court held an adjudicatory hearing in June of 2020. During the hearing, the child's mother testified that petitioner had failed to maintain contact

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

with R.V. since 2013 and was delinquent on child support payments. The mother stated that petitioner dropped off the child's belongings in 2013 and had not seen the child since that time. The mother further testified that petitioner had not sent any gifts or cards for the child since 2013. Next, a Child Protective Services worker testified that petitioner was making "token child support payments" but owed more than $3,000 in child support for R.V. Finally, petitioner confirmed that his last contact with the child was in 2013. However, petitioner claimed that he had been unable to locate the child due to the mother moving and changing phone numbers. Petitioner testified that if he had been able to reach the mother, he would have requested visitation with R.V. Upon questioning, petitioner admitted that he never attempted to locate the child through social media or by contacting the mother's parents, who continuously resided in the same location and assisted in the child's care. Further, the DHHR put on evidence that petitioner never attempted to enforce his rights to the child through the court system. Petitioner testified he was in arrears on child support payments due to health issues. However, petitioner admitted that he never attempted to modify his child support obligations despite his disability. In light of the evidence presented, the circuit court found that petitioner's "token child support payments" were insufficient to overcome years of failing to support or visit the child. As a result, it concluded that petitioner's conduct demonstrated a settled purpose to abandon the child and adjudicated him as an abusing parent.

In October of 2020, the circuit court held a hearing wherein petitioner moved for a post-dispositional improvement period while the DHHR moved to terminate petitioner's parental rights. Petitioner testified in support of his motion, stating that he was paying $80.00 per month in child support in an attempt to bring down his arrearage. Petitioner also testified that he had obtained housing with his parents and maintained a vehicle for transportation. Petitioner acknowledged that he had two positive drug screens in late 2019 but maintained that he had been clean since that time. The court deferred ruling on the motions and ordered the guardian to interview then eleven-year-old R.V. as to his wishes regarding petitioner's parental rights. The guardian filed her report in February of 2021, and the circuit court held the final dispositional hearing later that month. At the hearing, the guardian presented the findings of her report, including that R.V. did not recall the last time he saw petitioner. The guardian indicated that the child held petitioner "on a pedestal of sorts" and expressed a desire for a future relationship with petitioner.

Ultimately, the circuit court denied petitioner's motion for an improvement period and terminated his parental rights on the basis that he abandoned the child. The court acknowledged that the child "still wishes a relationship with his father" but found that the child's desires were "based upon an unrealistic expectation given [petitioner]'s past actions." The court found that while it wished that "the minor child's high opinion of [petitioner] was true, reality demonstrates a much bleaker picture of [petitioner]'s past parenting." The circuit court's decision was memorialized by its April 21, 2021, order. Petitioner now appeals that order.[2]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[2]The mother successfully completed her improvement period, and the child has achieved permanency in her care.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying his motion for a post-dispositional improvement period despite "the facts and circumstances of the case and following his testimony that he intended to fully participate." Specifically, petitioner argues that although he could not reach the child's mother for several years, hampering his ability to visit with the child, he continued to make child support payments. Petitioner also notes that the child expressed a desire to have a relationship with petitioner. As such, petitioner argues that it was in the child's best interests to "explore a possible reunification through implementation of an improvement period." We find no merit to petitioner's argument.

First, a circuit court may grant a parent an improvement period if "the [parent] demonstrates, by clear and convincing evidence, that [he] is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B). "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Most importantly, we have held that "[a]bandonment of a child by a parent[] constitutes compelling circumstances sufficient to justify the denial of an improvement period." Syl. Pt. 2, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

Here, the record shows that petitioner admitted that he failed to visit or have any contact with the child for six years as of the petition's filing. Petitioner does not dispute that he failed to send any gifts or cards or provide other support during this time period. Notably, petitioner also does not dispute that he owed child support and was nearly $3,000 in arrears at the time of the petition. While petitioner is correct that the child requested a future relationship with him, the circuit court specifically found that such a relationship would not be in the child's best interests, which is, ultimately, the controlling determination on this issue. *See Kristopher O. v. Mazzone*, 227 W. Va. 184, 192, 706 S.E.2d 381, 389 (2011) ("[T]he best interests of the child is the polar star by which decisions must be made which affect children."). Further, the record shows that even though DHHR services were not offered to petitioner, he was provided drug screens where he tested positive twice for controlled substances. This evidence demonstrates that petitioner did not meet his burden of proving that he would fully participate in an improvement period.

Finally, we find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental

rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(d)(4) clearly sets forth that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" when "[t]he abusing parent or parents have abandoned the child." Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Thus, based on the circuit court's findings that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that the child's welfare required termination, termination of petitioner's parental rights was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 21, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton